# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| SAMUEL SANTIAGO-LEBRÓN, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> TOTE MARITIME PUERTO RICO, LLC, *et al.*, <br><br> **Defendants**. |

Civil No. 19-1716 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On July 25, 2019, plaintiffs Samuel Santiago-Lebrón ("Santiago"), Lourdes Santos ("Santos"), and the conjugal relationship existing between them (collectively "plaintiffs") commenced a civil action, invoking the Court's diversity jurisdiction. (Docket No. 1 at p. 2.)

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004); Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (noting that the Court "ha[s] the duty to construe [its] jurisdictional grants narrowly") (Besosa, J.). Santiago and Santos shoulder the burden of establishing federal jurisdiction by the preponderance of the

evidence. See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). To invoke the Court's diversity jurisdiction, Santiago and Santos must demonstrate that the amount in controversy exceeds $75,000, and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a); Álvarez-Torres v. Ryder Mem. Hosp., 582 F.3d 47, 53 (1st Cir. 2009) ("Where it applies, diversity jurisdiction requires 'complete diversity' of citizenship as between all plaintiffs and all defendants.") (citation omitted).

Santiago and Santos reside in Toa Baja, Puerto Rico. (Docket No. 1 at p. 1.) The complaint alleges "[o]n information and belief" that defendant Tote Maritime Puerto Rico, LLC ("Tote Maritime") is organized pursuant to the laws of Delaware and maintains its principal place of business in Jacksonville, Florida. Id. at p. 2. Because Tote Maritime is a limited liability corporation, diversity is determined by "citizenship of all of its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Plaintiff alleges that "on information and belief," the sole member of Tote Maritime is Tote, Inc. ("Tote"). (Docket No. 1 at p. 2.) A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Santiago

and Santos aver that Tote's principal place of business is Jacksonville, Florida. (Docket No. 1 at p. 2.) The plaintiffs fail, however, to set forth allegations pertaining to state of Tote's incorporation. The absence of this information precludes the Court from conducting a complete jurisdictional analysis. See, e.g., Shelton v. Print Fulfillment Servs., LLC, Case No. 16-563, 2017 U.S. Dist. LEXIS 13591 *3—4 (W.D. Ky. Jan 30, 2017) ("PFS is a citizen of Nevada because it is an LLC whose sole member" is FarHeap Solutions, Inc., "a citizen of Nevada [that] is incorporated and has its principal place of business in Nevada."). Accordingly, plaintiffs are allowed until **September 5, 2019** to file an amended complaint in accordance with this memorandum and order. Failure to do so may entail the dismissal of the complaint, without prejudice.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, August 22, 2019.

                                                   s/ Francisco A. Besosa
                                                   FRANCISCO A. BESOSA
                                                   UNITED STATES DISTRICT JUDGE